**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Rachel Bien
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

**MAKE THE ROAD NEW YORK, INC.**
Elizabeth Wagoner
92-10 Roosevelt Ave.
Jackson Heights, NY 11372
Telephone: 718-565-8500

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AURELIO RAMALEZ and MARIA TENEZELA,
on behalf of themselves and others similarly
situated,

ECF Case
Docket Number 10 CV _____ 3557

Plaintiffs,

-against-

**CLASS ACTION COMPLAINT**

BIMMY'S LLC and ELLIOT FREAD,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs Aurelio Ramalez and Maria Tenezela, individually and as class representatives

on behalf of themselves and all others similarly situated, by their attorneys Make the Road New

York, Inc. and Outten & Golden LLP, allege as follows:

## NATURE OF THE ACTION

1.      Defendant Bimmy's, LLC ("Bimmy's") is one of New York City's largest

wholesalers of high-end sandwiches, wraps, salads, and other pre-packaged food items.

Defendant Elliot Fread, a.k.a., "Mr. Bimmy," is the founder and owner of Bimmy's.

2.      According to its website, Bimmy's supplies food to "hundreds" of food service

establishments in New York City.  It has been reported that Bimmy's customers include airports

and retail chains such as Duane Reade.

3.     Bimmy's slogan is "Food Made With Love."  In fact, Bimmy's website claims that it is more than a slogan: that "Food Made With Love" is the "working philosophy and way of life at Bimmy's."  Unfortunately, however, Defendants have not shown the same respect and love to the very workers who prepare the company's food in food preparation factories.  In particular, Bimmy's has failed to pay these workers, including Plaintiffs, the applicable minimum wage rate for all hours worked, overtime for the hours that they work over forty in a workweek, spread of hours pay on days on which they work more than 10 hours, and statutory compensation for the cost of maintaining required uniforms.

4.     Plaintiffs bring this action on behalf of themselves and those similarly situated who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision, 29 U.S.C. § 216(b), to remedy violations of the minimum wage and overtime provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

5.     Plaintiffs also bring individual and representative wage claims under the New York Labor Law Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, ("NYLL"), as a class action pursuant to Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

2

7.      Plaintiffs' state law claims are so closely related to Plaintiffs' claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

8.      This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because many of the acts of which Plaintiffs complain occurred in this District.

10.     Bimmy's is also located in this District.

## THE PARTIES

### Plaintiffs

#### Aurelio Ramalez

11.     Plaintiff Aurelio Ramalez ("Ramalez") is an adult individual currently residing in New York City, in the county of Kings.

12.     Ramalez has consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).  His written consent is attached hereto as Exhibit A and incorporated by reference.

13.     Ramalez was employed by Defendants as an hourly worker at Defendants' food preparation factories in Manhattan and Queens from approximately October 2004 through approximately June 2010.

14.     At all relevant times, Ramalez was a covered employee within the meaning of the FLSA and the NYLL.

15.     During Ramalez's employment by Defendants, he handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

3

**Maria Tenezela**

16.     Plaintiff Maria Tenezela ("Tenezela") is an adult individual currently residing in New York City, in the county of Queens.

17.     Tenezela has consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).  Her written consent is attached hereto as Exhibit A and incorporated by reference.

18.     Tenezela was employed by Defendants as an hourly worker at Defendants' food preparation factory in Queens from approximately July 2007 through approximately September 2009.

19.     At all relevant times, Tenezela was a covered employee within the meaning of the FLSA and the NYLL.

20.     During Tenezela's employment by Defendants, she handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

## Defendants

**Bimmy's**

21.     Bimmy's is a domestic limited liability corporation organized under the laws of New York, with its principal place of business located at 47-00 33rd St., Long Island City, NY 11101.

22.     Upon information and belief, Bimmy's is at present, and has been at all times relevant to this action, an enterprise engaged in interstate commerce, with an annual gross volume of sales in excess of $500,000.

4

23.     Bimmy's is a covered employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed and/or jointly employed Plaintiffs and similarly situated employees.

24.     At all times relevant, Bimmy's has had control over, and the power to change, compensation practices at its factories that affected Plaintiffs and their similarly situated co-workers.

**Elliot Fread**

25.     Upon information and belief, Defendant Elliot Fread ("Fread") is an adult individual residing in New York City.

26.     At all times relevant, Fread has been an owner of Bimmy's.

27.     At all times relevant, Fread has been actively involved in managing the day to day operations of Bimmy's.

28.     At all times relevant, Fread has had the power to hire and fire employees at Bimmy's.

29.     At all times relevant, Fread has had the power to determine employee work schedules at Bimmy's.

30.     At all times relevant, Fread has had the power to set working conditions at Bimmy's.

31.     At all times relevant, Fread has had the power to establish employees' rates of pay and method of payment at Bimmy's.

32.     At all times relevant, Fread has had overall responsibility for maintaining employment records at Bimmy's.

33.    Fread is a covered employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed and/or jointly employed Plaintiffs and similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS

34.    Plaintiffs bring the First and Second Causes of Action, FLSA claims, on behalf of themselves and all other similarly situated hourly workers who work or have worked at Bimmy's food preparation factories between June 3, 2007 and the date of final judgment, and who opt in (or who had already opted in) to this action (the "FLSA Collective").

35.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs.  Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

36.    Defendants agreed to toll the statutes of limitations under the Fair Labor Standards Act and the New York Labor Law with respect to the claims of Plaintiffs and similarly situated employees from June 3, 2010 through the date of this filing.  The tolling agreement is attached as Exhibit B.

## NEW YORK CLASS ACTION ALLEGATIONS

37.    Plaintiffs bring the Third, Fourth, Fifth, and Sixth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All hourly workers who work or have worked at Bimmy's food preparation factories in New York between June 3, 2004 and the date of final judgment (the "Rule 23 Class").

38.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

39.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

40.     Upon information and belief, the size of the Rule 23 Class is at least 100 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

41.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

42.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     Whether Defendants violated NYLL Article 6, §§ 190 *et seq.,* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, as alleged herein;

(b)     Whether Defendants failed to pay Plaintiffs and the Rule 23 Class minimum wages for all of the hours they worked;

(c)     Whether Defendants paid Plaintiffs and the Rule 23 Class overtime for hours worked in excess of 40 per workweek;

7

(d)     Whether Defendants failed to provide Plaintiffs and the Rule 23 Class spread of hours pay as required by the NYLL;

(e)     Whether Defendants failed to compensate Plaintiffs and the Rule 23 Class for the maintenance of required uniforms as required by the NYLL;

(f)     Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Rule 23 Class, and other records required by the NYLL;

(g)     Whether Defendants failed to comply with the posting and notice requirements of the NYLL;

(h)     Whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, and gross wages as required by the NYLL;

(i)     Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(j)     The nature and extent of class-wide injury and the measure of damages for those injuries.

43.     The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and all Rule 23 Class members work, or have worked, for Defendants preparing food at Bimmy's factories in New York.  Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL to be paid at least the minimum wage for all hours worked, overtime wages, and spread of hours pay, and to be compensated for the maintenance of required uniforms.  Plaintiffs and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

44.     Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class members.  Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between the Plaintiffs and the Rule 23

8

Class.

45.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

46.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFFS' FACTUAL ALLEGATIONS

47.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs individually as follows:

**Aurelio Ramalez**

48.     Beginning in approximately October 2004, Ramalez was employed by Bimmy's preparing food at its factory in Manhattan, located at 349 West 14th Street, New York, NY 10014-5001 ("Manhattan location").

49.     During his employment, Ramalez was transferred to Bimmy's factory in Long Island City, located at 4700 33rd Street, Long Island City, Queens, NY 11101-2419 ("Queens location"), where he worked until approximately June 2010.

50.     Throughout his employment at Bimmy's, Ramalez's primary duties included cleaning lettuce used in sandwiches, wraps, salads, and other ready-to-eat meals and washing dishes.

51.     Ramalez regularly worked approximately 14 hours per day while employed at the Manhattan location.  Defendants did not pay him an extra hour of pay on such days.

52.     Ramalez regularly worked approximately six or seven days per week at the Manhattan location.

53.     Ramalez regularly worked approximately eight to eleven hours per day while employed at the Queens location.  Defendants did not pay him an extra hour of pay on such days.

54.     Ramalez regularly worked approximately five or six days per week at the Queens location.

55.     During his employment at both the Manhattan and Queens locations, from time to time, Defendants paid Ramalez less than the applicable minimum wage for each hour that he worked.

56.     Defendants did not pay Ramalez overtime when he worked in excess of 40 hours in a workweek at both the Manhattan and Queens locations.

57.     Defendants paid Ramalez in cash at the Manhattan location and did not provide him with a pay stub or wage statement.

58.     When Ramalez was transferred to the Queens location, he continued to perform the same primary duties that he performed at the Manhattan location.

59.     At the Queens location, Defendants paid Ramalez by check.  The check did not list the number of hours he worked or his hourly rate on most workweeks in which he worked more than 40 hours.  The check listed only his net pay for those workweeks.

10

60.     Throughout his employment at Bimmy's, Defendants required Ramalez to wear an apron to perform his duties each day.

61.     Defendants did not launder or maintain the apron or compensate Ramalez for the cost of laundering the apron.

**Maria Tenezela**

62.     From approximately July 2007 to approximately September 2009, Tenezela was employed by Bimmy's preparing food at the Queens location.

63.     Throughout her employment at Bimmy's, Tenezela's primary duties included preparing sandwiches, wraps, and other ready-to-eat meals.

64.     Tenezela regularly worked more than 40 hours per week during her employment and sometimes worked more than 50 hours per week.

65.     Defendants did not pay Tenezela overtime when she worked in excess of 40 hours in a workweek.

66.     From time to time, Tenezela worked days of more than 10 hours.  Defendants did not pay her an extra hour of pay on such days.

67.     During her employment, from time to time, Defendants paid Tenezela less than the applicable minimum wage for the hours that she worked.

68.     Defendants paid Tenezela by check.  The check did not list the number of hours she worked or her hourly rate on most workweeks in which she worked more than 40 hours.  The check listed only her net pay for those workweeks.

69.     Defendants required Tenezela to wear an apron to perform her duties each day.

70.     Defendants did not launder or maintain the apron or compensate Tenezela for the cost of laundering the apron.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

71.      Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

72.      Defendants failed to pay Plaintiffs and the members of the FLSA Collective at least the minimum wage for all hours worked as the FLSA requires.

73.      Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

74.      At all times relevant, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

75.      At all times relevant, Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

76.      At all times relevant, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

77.      Defendants were required to pay Plaintiffs and the members of the FLSA Collective the applicable minimum wage rate for all hours worked.

78.      Defendants failed to reimburse Plaintiffs and the FLSA Collective Members for uniform-related expenses.

79.      As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

80. Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

81. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### SECOND CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

82. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

83. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the FLSA Collective.

84. Defendants have failed to pay Plaintiffs and the members of the FLSA Collective overtime wages for all hours that they worked in excess of 40 hours in a workweek.

85. As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

13

86. Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

87. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### THIRD CAUSE OF ACTION
### New York Labor Law Article 19 – Minimum Wage
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

88. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

89. Defendants failed to pay Plaintiffs and the members of the Rule 23 Class minimum wages for all hours worked, as required by the NYLL.

90. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

91. At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees and Defendants have been employers within the meaning of the NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

92. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect Plaintiffs and the members of the Rule 23 Class.

93. Defendants were required to pay Plaintiffs and the members of the Rule 23 Class a minimum wage at a rate of (a) $5.15 per hour for all hours worked from June 24, 2000 through December 31, 2004; (b) $6.00 per hour for all hours worked from January 1, 2005 through

14

December 31, 2005; (c) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; (d) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; and (e) $7.25 per hour for all hours worked from July 24, 2009 through the present, under NYLL § 652 and the supporting New York State Department of Labor regulations.

94.     Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the minimum hourly wages for all hours worked to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

95.     By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class minimum hourly wages for all hours worked, they have willfully violated NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

96.     Defendants failed to furnish Plaintiffs and the members of the Rule 23 Class with a statement with every payment of wages listing hours worked, rates paid, and gross wages, in violation of the NYLL and the supporting New York State Department of Labor regulations.

97.     Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**New York Labor Law Article 19 – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

98.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

99.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs and the members of the Rule 23 Class.

100.    Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class

15

overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

101.   By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

102.   Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours Pay
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

103.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

104.   Defendants have willfully failed to pay Plaintiffs and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

105.   By Defendants' failure to pay Plaintiffs and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

106.   Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Uniform Violations
#### (Brought on behalf of Plaintiffs and the Rule 23 Class)

107.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

108.    Defendants failed to launder or maintain the uniforms that they required Plaintiffs and the Rule 23 Class Members to wear and failed to pay them the required weekly amount for such laundering and maintenance in addition to the required minimum wage.

109.    Due to Defendants' violation of the NYLL, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek for the following relief:

A.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time from June 3, 2007 and up through and including the date of this Court's issuance of court-supervised notice, been employed by Bimmy's as hourly workers at its food preparation factories.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages and overtime and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid minimum wages, overtime, spread-of-hours pay, and uniform-related

17

pay pursuant to NYLL Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, and liquidated damages pursuant to NYLL Article 6, § 198;

D.       Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.       Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

F.       Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under NYLL Article 6, §§ 190 *et seq.* and NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

G.       Pre-judgment interest and post-judgment interest;

H.       An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL;

I.       Reasonable attorneys' fees and costs of the action; and

J.       Such other relief as this Court shall deem just and proper.

Dated:       New York, New York
             August 3, 2010

                        Respectfully submitted,
                        **OUTTEN & GOLDEN LLP**
                        By:

                        _Rachel Bien_
                        Rachel Bien

                        **OUTTEN & GOLDEN LLP**
                        Justin M. Swartz
                        Rachel Bien
                        3 Park Avenue, 29th Floor
                        New York, New York 10016

18

Telephone:  (212) 245-1000

**MAKE THE ROAD NEW YORK, INC.**
Elizabeth Wagoner
92-10 Roosevelt Ave.
Jackson Heights, NY 11372
Telephone: (718) 565-8500

*Attorneys for Plaintiffs*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------ x

AURELIO RAMALEZ and MARIA TENEZELA,
on behalf of themselves and others similarly
situated,

                         Plaintiffs,

-against-

BIMMY'S LLC and ELLIOT FREAD,

                         Defendants.

------------------------------------------------ x

ECF Case
Docket Number 10 CV _____

**FLSA CONSENT**

I consent to be a party plaintiff in a lawsuit against Elliot Fread, Bimmy's LLC, and/or related entities or individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I authorize Outten & Golden LLP and Make the Road New York to represent me. I also consent to be a party plaintiff in any similar action against Elliott Fread, Bimmy's LLC, and/or related entities or individuals.

By signing and returning this consent form, I designate Outten & Golden LLP and Make the Road New York to represent me and make litigation decisions on my behalf. I understand that reasonable costs expended by Outten & Golden LLP and Make the Road New York on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that Outten & Golden LLP and Make the Road New York will petition the Court to award them attorneys' fees from any settlement or judgment in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of hours expended on the lawsuit, or (2) thirty-three percent (33%) of the gross settlement or judgment amount.

*(Spanish translation)*

Consiento ser un demandante en una demanda contra Elliot Fread, Bimmy's LLC, y/o las entidades o los individuos relacionados a los mismos para pedir compensación por las violaciones de la Ley de Normas Laborales (FLSA), conforme al § 29 U.S.C. 216 (b). Autorizo a Outten & Golden LLP y Make the Road New York para representarme. También consiento ser un demandante en cualquier acción similar contra Elliott Fread Bimmy's LLC, y/o entidades o individuos relacionados.

Firmando y enviando este consentimiento, yo eligo a Outten & Golden LLP y Make the Road New York para representarme y para tomar decisiones relacionadas al litigio en MI nombre. Entiendo que los costos razonables hechos por Outten & Golden LLP y Make the Road New York serán deducidos de la cantidad total de un acuerdo o de un juzgado judicial de una base pro rata entre mi y el resto de los demandantes. Entiendo que Outten & Golden LLP y Make the Road New York solicitarán la Corte concederles cuotas de abogacía de un acuerdo o de un juzgado judicial en la cantidad mayor entre: (1) la cantidad "lodestar", calculada multiplicando sus precios razonables por hora por el número de horas expendidas en el pleito, u (2) el treinta y tres por ciento (el 33%) del acuerdo o de un juzgado judicial.

_____
Signature

Print Name

REDACTED

7-26-2010
Date

Brooklyn, NY 11237
City, State and Zip Code

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AURELIO RAMALEZ and MARIA TENEZELA,
on behalf of themselves and others similarly
situated,

                       Plaintiffs,

-against-

BIMMY'S LLC and ELLIOT FREAD,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF Case
Docket Number 10 CV _____

**FLSA  CONSENT**

       I consent to be a party plaintiff in a lawsuit against Elliot Fread, Bimmy's LLC, and/or related entities or individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I authorize Outten & Golden LLP and Make the Road New York to represent me.  I also consent to be a party plaintiff in any similar action against Elliott Fread, Bimmy's LLC, and/or related entities or individuals.

       By signing and returning this consent form, I designate Outten & Golden LLP and Make the Road New York to represent me and make litigation decisions on my behalf.  I understand that reasonable costs expended by Outten & Golden LLP and Make the Road New York on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand that Outten & Golden LLP and Make the Road New York will petition the Court to award them attorneys' fees from any settlement or judgment in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of hours expended on the lawsuit, or (2) thirty-three percent (33%) of the gross settlement or judgment amount.

*(Spanish translation)*

Consiento ser un demandante en una demanda contra Elliot Fread, Bimmy's LLC, y/o las entidades o los individuos relacionados a los mismos para pedir compensación por las violaciones de la Ley de Normas Laborales (FLSA), conforme al § 29 U.S.C. 216 (b). Autorizo a Outten & Golden LLP y Make the Road New York para representarme. También consiento ser un demandante en cualquier acción similar contra Elliott Fread Bimmy's LLC, y/o entidades o individuos relacionados.

Firmando y enviando este consentimiento, yo eligo a Outten & Golden LLP y Make the Road New York para representarme y para tomar decisiones relacionadas al litigio en MI nombre. Entiendo que los costos razonables hechos por Outten & Golden LLP y Make the Road New York serán deducidos de la cantidad total de un acuerdo o de un juzgado judicial de una base pro rata entre mi y el resto de los demandantes. Entiendo que Outten & Golden LLP y Make the Road New York solicitarán la Corte concederles cuotas de abogacía de un acuerdo o de un juzgado judicial en la cantidad mayor entre: (1) la cantidad "lodestar", calculada multiplicando sus precios razonables por hora por el número de horas expendidas en el pleito, u (2) el treinta y tres por ciento (el 33%) del acuerdo o de un juzgado judicial.

_____
Signature

Maria Tencreta
Print Name

REDACTED

_____
Date   7 27 210

_____
City, State and Zip Code
Woodside, NY 1577

# EXHIBIT B

## STIPULATION AND TOLLING AGREEMENT

It is hereby stipulated and agreed, by and between the undersigned, that the statutes of limitations for Fair Labor Standards Act and New York Labor Law claims for Maria Tenezela and all other similarly situated current and former employees of Bimmy's in New York City are tolled from June 3, 2010 through 10 days after the date that either party notifies the other party in writing that "the settlement negotiations have reached an impasse." ("Tolling Period"). Ms. Tenezela agrees not to file a lawsuit during the Tolling Period. The parties agree that they will ask the Court to "So Order" this Stipulation and Tolling Agreement should formal litigation commence.

By: _Rachel Bien_

Rachel Bien, Esq.

OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY 10016
(212) 245-1000

MAKE THE ROAD NEW YORK
92-10 Roosevelt Avenue
Jackson Heights, NY 11372
(718) 565-8500

*Attorneys for Maria Tenezela*

Dated: June _3_, 2010

By: _____

Elliot Fread

Bimmy's LLC
4700 33rd St # 2B
Long Island City, NY 11101-2401

Dated: June _8_, 2010